**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 03 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCELINO ECHEVERRIA-BARBOZA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-71738 <br><br> Agency No. A079-805-425 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2011**
Pasadena, California

Before: RYMER, TALLMAN, and IKUTA, Circuit Judges.

Appellant Marcelino Echeverria-Barboza petitions for review of the Board

of Immigration Appeals (BIA) order denying him adjustment of status under the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Child Status Protection Act (CSPA), Pub. L. No. 107-208, 116 Stat. 927 (2002). We deny the petition.

On July 27, 1992, Echeverria's father, a lawful permanent resident of the United States, filed an F2A immigrant visa petition on Echeverria's behalf. *See* 8 U.S.C. § 1153(a)(2)(A). When his priority date became current on August 1, 1997, Echeverria was older than twenty-one and had thus "aged-out" of the F2A preference category. *See* 8 U.S.C. § 1101(b)(1) (an F2A beneficiary must be a "child" under age twenty-one). No further petition or application for adjustment of status was filed by Echeverria or his father. Echeverria claims he is nonetheless entitled to protection under the CSPA.

It is undisputed that Echeverria was over age twenty-one at the time his priority date became current and a visa was then available to him. Because he had aged-out of the F2A preference category, he could not claim a visa as an adult beneficiary under his father's petition. Nor does the CSPA provide Echeverria relief because he sought to adjust status on January 28, 2004, well over one year after his visa number became available on August 1, 1997. *See* 8 U.S.C. § 1153(h)(1)(A); *see also Park v. Mukasey*, 514 F.3d 1384 (9th Cir. 2008) (adopting the opinion and order of the district court in *Park v. Gonzalez*, 450 F. Supp. 2d 1153, 1158, 1163 (D. Or. 2006)). Even if we were inclined to accept Echeverria's theory that he only needed to adjust status within one year of the CSPA's date of

enactment, the record shows he nevertheless failed to do so. He did not apply for adjustment of status until January 28, 2004, roughly a year and a half after the law was enacted on August 6, 2002. For these reasons, there is no legitimate basis for extending CSPA protections to him.

Accordingly, his petition is **DENIED**.